United States District Court
Southern District of Texas
ENTERED
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANIBAL ESPINOZA GOMEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05345 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RAYMOND THOMPSON, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Anibal Espinoza Gomez filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 6, 2026. Dkt 1. He alleges lawful entry into the United States on a prior date and contends that his present detention under 8 USC §1225(b) violates the Due Process Clause of the Fifth Amendment. Id at 1–3.

As to his present detention, Petitioner asserts that he was arrested in April 2025 and has been detained since that time. Dkt 1 at 1. He also maintains that his application for asylum was granted on November 3, 2025, but he remains detained because the Government appealed the order granting asylum. Ibid.

As to his presence in the United States, Petitioner maintains that he was paroled into the country in August 2022 after lawfully entering. Dkt 1 at 1. But documents attached to his petition show that he was arrested by ICE officials on June 26, 2022, after illegal entry and later paroled. Dkt 1-2 at 2–3.

The Government was ordered to state its position with respect to both Petitioner's claims and the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 5. Pending is its motion for summary

judgment. Dkt 6. It argues that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A) until such time as the asylum ruling is final. Id at 3–4. It further contends that Petitioner's arguments under due process fail on the merits. Id at 5–11.

Attached to the Government's motion are documents showing that Petitioner unlawfully entered the United States in 2022 and then failed to report to ICE as instructed after he was paroled. Dkt 6-3 at 3. He was rearrested in April 2025 and placed into removal proceedings under 8 USC §1229a as an arriving alien. Dkt 6-1. An immigration judge granted Petitioner's asylum application on November 3, 2025. Dkt 6-4. The Government timely appealed that ruling, and the appeal remains pending. Dkt 6-5.

*As to claim under the INA,* Petitioner's assertion of lawful entry isn't sufficient, of itself, to show that his detention without bond is unlawful. This is because self-serving and unsupported allegations needn't be adopted for purposes of ruling on a motion for summary judgment when they are "blatantly contradicted by the record." *Scott v Harris*, 550 US 372, 380 (2007). And documents attached to the petition reflect his unlawful entry in June 2022.

In the context of unlawful entry, the Fifth Circuit has issued a controlling decision with respect to the lawfulness of mandatory detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. Mandatory detention is lawful until all removal proceedings are administratively final. *Jennings v Rodriguez*, 583 US 281, 302 (2018) (holding §1225(b)(2) requires detention "throughout the completion of applicable proceedings").

As to when *administrative finality* occurs, 8 CFR §1003.39 provides that an order of an immigration judge "becomes final upon waiver of appeal or upon expiration of

the time to appeal if no appeal is taken." If an appeal is taken, however, the order "shall not be executed while an appeal is pending." 8 CFR §1003.6(a). The decision ultimately becomes final when the Board of Immigration Appeals issues a decision. 8 CFR §1003.1(d)(7)(i).

As such, Petitioner's removal proceedings aren't yet administratively final because the Government's appeal is pending. He thus isn't detained under 8 USC §1231, and the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas v Davis*, 533 US 678 (2001), hasn't yet begun. The propriety of his detention instead proceeds under §1225(b)(2), as construed in *Buenrostro-Mendez*. Taken together, then, these findings foreclose any statutory arguments under the INA.

*As to claims with respect to due process,* on July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that the panel decision is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 200097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.
- *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce §1225(b)(2)(A) does not estop or prevent the current Administration from enforcing the statute as written.

The arguments in the petition raise only issues resolved to the contrary in the authority and decisions cited above. As such, Petitioner hasn't established that his current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Anibal Espinoza Gomez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 29, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge